WOLFF & SAMSON PC
THE OFFICES AT CRYSTAL LAKE
ONE BOLAND DRIVE
WEST ORANGE, NEW JERSEY 07052
973-325-1500
David N. Ravin, Esq. (DNR-9289)
Robert Nies, Esq. (REN-3034)

*Attorneys for Triple Net Investments IX, LP*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| DJK RESIDENTIAL LLC, et al., ) | |
| ) | Case No. 08-10375 (JMP) |
| Debtors. ) | |

## NOTICE OF APPEAL

Triple Net Investments IX, LP ("Triple Net"), by its undersigned counsel, Wolff & Samson PC, hereby appeals, under 28 U.S.C. § 158(a) and Rules 8001(a) and 8002(a) of the Federal Rules of Bankruptcy Procedures, from a "STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS, THE COMMITTEE OF UNSECURED CREDITORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 360NETWORKS (USA) INC. IN CONNECTION WITH THE ORDER AUTHORIZING PAYMENT OF UNIMPAIRED CLAIMS IN THE ORDINARY COURSE OF BUSINESS"[1], dated February 28, 2008, and entered on the docket as Docket No. 183 ( the "Agreed Order").

---

[1] The Agreed Order subsumes and includes "Order Authorizing Payment of Prepetition Unimpaired Claims in the Ordinary Course of Business" (the "Ordinary Course Order"), Docket No. 47.

1116857.1

The names of the parties to the Order appealed from and the names, addresses and telephone numbers of their respective attorneys are as follows:

| **APPELLANT** | **COUNSEL:** |
|---|---|
| Triple Net Investments IX, LP | DAVID N. RAVIN, ESQ.<br>ROBERT E. NIES, ESQ.<br>Wolff & Samson PC<br>The Offices At Crystal Lake<br>One Boland Drive<br>West Orange, NJ  07052<br>Telephone:  (973) 530-2012 |
| **APPELLEE** | **COUNSEL:** |
| DJK Residential LLC, et al., | MARK KIESEL STEIN, PC<br>Kirkland Ellis LLP<br>200 East Randolph Drive<br>Chicago, IL 60601<br>Tel:  (312) 861-2000<br>–and–<br>RICHARD M. CIERI, ESQ.<br>(RC – 6062)<br>Kirkland Ellis, LLP<br>153 East 53rd Street<br>New York, NY 10022<br>Tel:  (212) 446-4800 |

Dated:  New York, NY
       March 3, 2008

WOLFF & SAMSON PC
One Boland Drive
West Orange, New Jersey, 07062
(973) 530-2012
*Attorneys for Triple Net Investments IX, LP*

By:  /s/ Robert E. Nies
     Robert E. Nies
     (RN-3034)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-10375 (JMP) |
| DJK Residential LLC, et al., ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

**STIPULATION AND AGREED ORDER BETWEEN THE DEBTORS, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF 360NETWORKS (USA) INC. IN CONNECTION WITH THE ORDER AUTHORIZING PAYMENT OF UNIMPAIRED CLAIMS IN THE ORDINARY COURSE OF BUSINESS**

The above-captioned debtors (collectively, the "Debtors"), the Official Committee of Unsecured Creditors in these chapter 11 cases (the "Official Committee of Unsecured Creditors"), and the Official Committee of Unsecured Creditors of 360networks (USA) inc. ("360networks"), by and through their respective counsel (collectively, the "Parties"), hereby enter into this stipulation and agreed order (the "Stipulation") and stipulate and agree as follows:

**Stipulation**

WHEREAS, on February 5, 2008 (the "Petition Date"), the Debtors filed petitions for relief under Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

WHEREAS, on the Petition Date, the Debtors filed the Debtors' Prepackaged Joint Plan of Reorganization Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 31] (the "Prepackaged Plan").

WHEREAS, on the Petition Date, the Court entered that certain Order Authorizing Payment of Unimpaired Claims in the Ordinary Course of Business [Docket No. 47] (the "Prepetition Claims Order").

WHEREAS, on February 15, 2008, 360networks filed that certain Motion to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims [Docket No. 97] (the "Motion").

WHEREAS, on February 26, 2008, the Official Committee of Unsecured Creditors filed that certain Joinder of Official Committee of Unsecured Creditors in Motion of 360networks' Committee to Reconsider or Vacate Order Authorizing Payment of Certain Prepetition Unsecured Claims [Docket No. 163] (the "Joinder").

WHEREAS, the Debtors, the Official Committee of Unsecured Creditors, and 360networks desire to resolve all issues relating to the Order, the Motion, and the Joinder.

IT IS THEREFORE AGREED, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED AS FOLLOWS:

1. The Motion and the Joinder are hereby withdrawn with prejudice, subject to the terms and conditions set forth below.

2. The Debtors agree that all future payments to be made pursuant to the Order shall only be made if such payments, in the best good faith business judgment of the Debtors, are determined to be necessary to avoid material, near term, and foreseeable harm to the Debtors' estates (such as payments to Agents and International Agents that are consistent with the terms of this Stipulation).[1]

3. The Debtors agree that (a) payments made pursuant to the Prepetition Claims Order shall be treated as if such payments were made under any plan of reorganization

---

[1] The terms "Agent" and "International Agent" are defined in the Debtors' Motion for an Order Authorizing, But Not Directing, the Debtors to Pay Prepetition Transportation Expenses and Directing Banks and Other Financial Institutions to Honor Related Checks and Electronic Payment Requests [Docket No. 21].

promulgated by any party in interest in these cases ("Plan") and (b) neither the Official Committee of Unsecured Creditors nor any other creditor shall be estopped from raising any objections to confirmation of a Plan simply by virtue of entry of the Prepetition Claims Order and the payments authorized thereunder, with all such objections being expressly preserved and, (c) that certain Class 4 Claims (as defined in the Prepackaged Plan) (or a similar unimpaired class of unsecured creditors under a Plan or any amendment to the Prepackaged Plan) will remain outstanding at the time of confirmation. The Debtors further agree that the Debtors shall not (i) argue, in the context of a Plan confirmation hearing, that the payments made under the Prepetition Claims Order render moot any such confirmation objection that is made by the Official Committee of Unsecured Creditors or any creditor, or (ii) amend a Plan to eliminate Class 4 of the Prepackaged Plan (or a similar unimpaired class of unsecured creditors under a Plan or any amendment to the Prepackaged Plan) without the consent of the Official Committee of Unsecured Creditors and 360networks.

4. Nothing in this Stipulation shall be construed to limit the Parties' rights to seek to enforce any obligations undertaken in connection with this Stipulation, and the Parties shall be entitled to enforce all provisions of this Stipulation.

5. This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any Party for any purpose whatsoever.

6. Each person who executes this Stipulation on behalf of a Party hereto represents that such person is duly authorized to execute this Stipulation on behalf of such Party.

7. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

8. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief provided by this Stipulation.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation. Any motion or application brought before this Court to resolve a dispute arising from or related to this Stipulation shall be brought on notice as provided by and in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

| KIRKLAND & ELLIS LLP | PACHULSKI STANG ZIEHL & JONES LLP |
|---|---|
| /s/ *Marc Kieselstein, P.C.* | /s/ *Brad R. Godshall* |
| Marc Kieselstein, P.C.<br>Adam C. Paul<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Telephone: (312) 861 2000<br>Facsimile: (312) 861 2200<br>Counsel to the Debtors | Laura Davis Jones<br>Brad R. Godshall<br>780 Third Avenue, 36th Floor<br>New York, New York 10017<br>Telephone: (212) 561 7700<br>Facsimile: (212) 561 7777<br>Proposed Counsel to the Official<br>Committee of Unsecured Creditors |

**DREIER LLP**

/s/ *Norman N. Kinel*

Norman N. Kinel
499 Park Avenue
New York, New York 10022
Telephone: (212) 328 6100
Facsimile: (212) 328 6101
Counsel to the Official Committee of
Unsecured Creditors of 360networks
(USA) inc.

Date: February 28, 2008
      New York, New York

**SO ORDERED.**

*s/ James M. Peck*
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 08-10375(JMP) |
| DJK Residential LLC, et al.,[1] ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

### ORDER AUTHORIZING PAYMENT OF PREPETITION UNIMPAIRED CLAIMS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for the entry of an order (this "Order") authorizing payment of prepetition Unimpaired Claims in the ordinary course of business; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; service of the Motion having been adequate and appropriate under

---

[1] The Debtors in these cases include: DJK Residential LLC; A Five Star Forwarding, Inc.; A Relocation Solutions Management Company; A Three Rivers Forwarding, Inc.; A.V.L. Transportation, Inc.; Alaska USA Van Lines, Inc.; Allied Alliance Forwarding, Inc.; Allied Continental Forwarding, Inc.; Allied Domestic Forwarding, Inc.; Allied Freight Forwarding, Inc.; Allied Intermodal Forwarding, Inc.; Allied International, N.A. Inc.; Allied Interstate Transportation, Inc.; Allied Transcontinental Forwarding, Inc.; Allied Transportation Forwarding, Inc.; Allied Van Lines Terminal Company; Allied Van Lines, Inc.; Allied Van Lines, Inc. of Indiana; Americas Quality Van Lines, Inc.; Anaheim Moving Systems, Inc.; Cartwright Moving & Storage Co., Inc.; Cartwright Van Lines, Inc.; City Storage & Transfer, Inc.; CMS Holding, LLC; Executive Relocation Corporation; Federal Traffic Service, Inc.; Fleet Insurance Management, Inc.; FrontRunner Worldwide, Inc.; Global Van Lines, Inc.; Global Worldwide, Inc.; Great Falls North American, Inc.; Lyon Van Lines, Inc.; Lyon Worldwide Shipping, Inc.; Manufacturing Support Services, LLC; Meridian Mobility Resources, Inc.; Move Management Services, Inc.; NA (UK) GP Corporation; NACAL, Inc.; NAVL LLC; NorAm Forwarding, Inc.; North American Forwarding, Inc.; North American International Holding Corporation; North American International N.A., Inc.; North American Logistics, Ltd.; North American Van Lines of Texas, Inc.; North American Van Lines, Inc.; Relocation Risk Solutions, LLC; RS Acquisition Holding, LLC; RS Acquisition, LLC; SIRVA Container Lines, Inc.; SIRVA Freight Forwarding, Inc.; SIRVA Global Relocation, Inc.; SIRVA Imaging Solutions, Inc.; SIRVA MLS, Inc.; SIRVA Relocation LLC; SIRVA Settlement of Alabama, LLC; SIRVA Settlement, Inc.; SIRVA Worldwide, Inc.; SIRVA, Inc.; Trident Transport International, Inc.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted as provided herein.

2. The Debtors are authorized, but not directed, to pay Unimpaired Claims in the ordinary course of business as the Unimpaired Claims become due and payable, without regard to any acceleration arising from the commencement of these chapter 11 cases, if any.

3. The Debtors are authorized, in their sole discretion, to seek agreements from Unimpaired Claimants to provide continuing trade credit on the prepetition terms provided to the Debtors.

4. If any Unimpaired Claimant accepts payment pursuant to this Order and thereafter does not continue to provide goods or services to the Debtors during the pendency of these chapter 11 cases on the same terms that existed prior to the Petition Date, then (a) any payment relating to this Order made after the Petition Date shall be deemed an avoidable postpetition transfer and, therefore, shall be either recoverable by the Debtors in cash or recharacterized as payment for any postpetition amounts payable to such Unimpaired Claimant upon written notification by the Debtors and (b) upon such recovery or recharacterization such Unimpaired Claim shall be reinstated as a prepetition claim in the amount so recovered or recharacterized.

5. The banks and financial institutions on which checks are drawn or electronic payment requests are made in payment of the prepetition obligations approved pursuant to this Order are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized and directed to rely on the Debtors' designation of any particular

check or electronic payment request as the satisfaction of an Unimpaired Claim as approved by this Order.

6. The Debtors are authorized to reissue any check or electronic payment that originally was given in payment of any prepetition amount authorized to be paid as the satisfaction of an Unimpaired Claim as approved by this Order and that is not cleared by the applicable bank or other financial institution.

7. This Order is not intended and shall not be construed as an approval or assumption of any contract, lease, or agreement under section 365 of the Bankruptcy Code.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: New York, New York
        February 5, 2008

                                        _s/ James M. Peck_____
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE